### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| **TODD WALLACE,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:08-cv-311-TS-PMW** |
| **TODD GREY,** | **District Judge Ted Stewart** |
| **Defendant.** | **Magistrate Judge Paul M. Warner** |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court is Todd Grey's ("Defendant") motion to dismiss.[2]  The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1]  This case was previously assigned to District Judge Dale A. Kimball, *see* docket no. 8, who entered the original order referring this case to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(B).  *See* docket no. 9.  Soon after he entered that order, Judge Kimball entered an order of recusal.  *See* docket no. 11.  This case was then reassigned to District Judge David Sam, *see id.*, who also entered an order of recusal.  *See* docket no. 12.  This case was then reassigned to Judge Stewart, *see id.*, who affirmed the original order of reference.  *See* docket no. 23.

[2]  *See* docket no. 13.

## BACKGROUND

The facts underlying Todd Wallace's ("Plaintiff") complaint stem from his relationship with Ferosa Bluff.  Plaintiff and Bluff have two children together.[3]

Several years ago, Bluff was convicted in state court of first degree felony murder, second degree felony child abuse, and second degree felony sexual abuse of a child, all in connection with the death of one of those two children.  *See State v. Bluff*, 52 P.3d 1210, 1215–16 (Utah 2002).  Bluff appealed her convictions.  The Utah Supreme Court affirmed those convictions, *see id*. at 1229, and the United States Supreme Court denied Bluff's petition for writ of certiorari. *See Bluff v. Utah*, 537 U.S. 1172 (2003).  Bluff then filed a petition for post-conviction relief in the trial court.  The trial court dismissed that petition, the Utah Court of Appeals affirmed that dismissal, *see Bluff v. State*, No. 2004 UT App 383, 2004 Utah App. LEXIS 434, at *6 (Utah Ct. App. Oct. 28, 2004) (mem.) (per curiam) (unpublished), and both the Utah Supreme Court and the United States Supreme Court denied Bluff's petition for writ of certiorari.  *See Bluff v. Utah*, 546 U.S. 880 (2005); *Bluff v. State*, 109 P.3d 804 (Utah 2005).  Bluff then filed a petition for writ of habeas corpus in this court.  *See Bluff v. Utah*, No. 2:06-cv-835-DAK, 2008 U.S. Dist. LEXIS 15785 (D. Utah Feb. 29, 2008).  District Judge Dale A. Kimball denied that petition, *see id*. at *9, and the United States Court of Appeals for the Tenth Circuit recently denied Bluff's request for a certificate of appealability.  *See Bluff v. Utah*, No. 08-4063, 2008 U.S. App. LEXIS 17234, at *5 (10th Cir. Aug. 14, 2008); *see also* 28 U.S.C. § 2253(c)(1)(A) (providing that obtaining a

---

[3]  *See* docket no. 1 at 4.

2

certificate of appealability is a prerequisite to pursuing an appeal from a final order disposing of a habeas corpus petition).

The allegations of Plaintiff's complaint relate to the testimony of Maureen Frikke, a medical examiner for the Office of the Medical Examiner for the State of Utah (the "OME"), during the state court criminal trials of Bluff and her codefendant, Andrew Fedorowicz.  Rather than suing Frikke, however, Plaintiff has sued Defendant, who is the Chief Medical Examiner of the OME, because Defendant "was directly responsible for the [OME] and for his employee . . . Frikke."[4]  Plaintiff alleges that perjured testimony from Frikke caused both Bluff and Fedorowicz to be wrongfully convicted.

Based on those allegations, Plaintiff argues that his constitutional rights have been violated.  Specifically, Plaintiff asserts that his living daughter has been deprived of her mother (Bluff) and that his deceased daughter was used "as the criminal point of the manufactured evidence."[5]  Plaintiff's complaint, which indicates that suit is being brought pursuant to 42 U.S.C. §§ 1983 and 1985, contains various alleged causes of action, including perjury, collusion, obstruction of justice, and misconduct/malfeasance in office.

In his request for relief, Plaintiff requests

> Ten million dollars – one million for every single[] year that my living daughter has been wrongfully and criminally deprived of her mother[.  T]he other remedies sought are the release of the two incarcerated defendants currently serving time

---

[4]  *Id.* at 1–2.

[5]  *Id.* at 4.

for a non-existent crime; the charge of dismissed without prejudice be removed from [Fedorowicz's wife's record] related to this case. The reason why these are applicable is because my [deceased daughter] is being used to produce these injuries. I resent these crimes being committed[,] perpetuated[,] and prolonged under the disguise and use of my [deceased daughter]'s name. I will not be able to get closure unless these two prongs are relieved.

[If] these remedies will not be considered, the alternative remedy will be that I will press charges regarding all these matters of infamous crimes in their various forms, obstruction of justice, malfeasance[,] and crimin falsi against the [OME]. I will press charges of prosecutorial misconduct[,] collusion, subornation of perjury, . . . obstruction of justice[,] and malfeasance against the District Attorney's Office . . . [,] and I will press charges against the Attorney General's Office for negative misprision, malfeasance[,] and obstruction of justice.[6]

In response to Plaintiff's complaint, Defendant filed the motion to dismiss before the court. The court has received and carefully reviewed that motion and its supporting memorandum, as well as Plaintiff's opposition memorandum and Defendant's reply memorandum.

## STANDARD OF REVIEW

Defendant argues that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the

---

[6] *Id.* at 285.

complaint, a district court must accept the allegations in the
complaint as true.

Second, a party may go beyond allegations contained in the
complaint and challenge the facts upon which subject matter
jurisdiction depends.  When reviewing a factual attack on subject
matter jurisdiction, a district court may not presume the
truthfulness of the complaint's factual allegations.  A court has
wide discretion to allow affidavits, other documents, and a limited
evidentiary hearing to resolve disputed jurisdictional facts under
Rule 12(b)(1).  In such instances, a court's reference to evidence
outside the pleadings does not convert the motion to a [motion
under rule 56 of the Federal Rules of Civil Procedure].

*Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995) (citations omitted).

Defendant also argues that Plaintiff's complaint should be dismissed for failure to state

claims on which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  When considering a motion

to dismiss under rule 12(b)(6), the court "look[s] for plausibility in th[e] complaint."  *See Kay v.

Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quotations and citations omitted) (second

alteration in original).  More specifically, the court "look[s] to the specific allegations in the

complaint to determine whether they plausibly support a legal claim for relief.  Rather than

adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough

to raise a right to relief above the speculative level.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*,

127 S. Ct. 1955, 1965 (2007)) (other quotations and citation omitted) (second and third

alterations in original).

As a final matter with respect to the applicable legal standards in this case, the court notes

that Plaintiff is proceeding pro se.  Accordingly, the court will construe his pleadings liberally.

*See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  At the same time,

however, it is not "the proper function of the district court to assume the role of advocate for the

pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In addition, "[t]he broad

reading of [a pro se] plaintiff's complaint does not relieve [him] of the burden of alleging

sufficient facts on which a recognized legal claim could be based." *Id*.

## ANALYSIS

Defendant presents several alternative arguments in favor of dismissing Plaintiff's

complaint. The court will address those arguments in turn.

### I. Rule 12(b)(1) Arguments

Pursuant to rule 12(b)(1), Defendant presents the following arguments that the court lacks

subject matter jurisdiction over all or certain portions of Plaintiff's complaint: (A) Plaintiff lacks

standing to bring this case, *see Colo. Envtl. Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir.

2004) (per curiam) (construing appeal as seeking review of a rule 12(b)(1) dismissal because lack

of standing is a "jurisdictional" ground for dismissal); (B) Plaintiff's state law claims are barred

because he failed to file the notice of claim required by the Governmental Immunity Act of Utah

(the "GIAU"), *see* Utah Code §§ 63G-7-101 to -904; *Rushton v. Salt Lake County*, 977 P.2d

1201, 1203 (Utah 1999) ("Failure to file [the statutory written] notice deprives the court of

subject matter jurisdiction."); and (C) Plaintiff's claims against Defendant in his official capacity

are barred by the Eleventh Amendment, *see Robinson v. Kansas*, 295 F.3d 1183, 1188 (10th Cir.

2002) (stating that an Eleventh Amendment immunity argument is a challenge to subject matter

jurisdiction).

## A.  Standing

Defendant asserts that this court lacks subject matter jurisdiction over Plaintiff's entire complaint because Plaintiff lacks standing to bring the claims contained therein.  *See Wenker*, 353 F.3d at 1227.  "[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."  *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (quotations and citations omitted).  Further, "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III" of the U.S. Constitution.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  "The party invoking federal jurisdiction bears the burden of establishing [standing]."  *Id*. at 561.

"Apart from this minimum constitutional mandate, [the United States Supreme Court] has recognized other limits on the class of persons who may invoke the courts' decisional and remedial powers."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975).  For example, "even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, . . . the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  *Id*.; *see Barrows v. Jackson*, 346 U.S. 249, 255 (1953).

For the following reasons, the court agrees with Defendant that Plaintiff lacks standing to pursue the claims in his complaint relating to his daughters.  First, because Plaintiff is not an attorney, has not retained an attorney, and is proceeding pro se in this case, he cannot pursue claims on behalf of his daughters.  *See Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)

7

(per curiam) ("We hold that under [rule 17(c) of the Federal Rules of Civil Procedure] and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); Fed. R. Civ. P. 17(c) (dealing with capacity of a minor to sue or be sued).  For the same reasons, he cannot pursue claims on behalf of Bluff.  *See* 28 U.S.C. § 1654; *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others." (citing 28 U.S.C. § 1654)).

Second, and putting aside Plaintiff's inability as a pro se litigant to pursue claims on behalf of his daughters or Bluff, it is improper for Plaintiff to base his claims on the alleged violations of the constitutional rights of his daughters and Bluff.  *See Warth*, 422 U.S. at 499; *Barrows*, 346 U.S. at 255.  Indeed, "[o]rdinarily, one may not claim standing . . . to vindicate the constitutional rights of some third party." *Barrows*, 346 U.S. at 255.  While the Supreme Court has recognized limited exceptions to that general rule, those exceptions are not applicable in this case. *See, e.g.*, *Powers v. Ohio*, 499 U.S. 400, 410–11 (1991).

The court concludes that Plaintiff has failed to establish that he has standing to pursue the claims in his complaint.  *See Lujan*, 504 U.S. at 560–61.  Accordingly, the court lacks subject matter jurisdiction over his complaint, and it should be dismissed.

8

## B.  Notice of Claim for State Law Claims

Defendant also argues that the court lacks subject matter jurisdiction over any state law claims contained in Plaintiff's complaint because Plaintiff failed to file the written notice of claim required by the GIAU.  *See* Utah Code § 63G-7-401(2) ("Any person having a claim against a governmental entity, or against its employee for an act or omission occurring during the performance of the employee's duties, within the scope of employment, or under color of authority shall file a written notice of claim with the entity before maintaining an action, regardless of whether or not the function giving rise to the claim is characterized as governmental."); *see also Rushton*, 977 P.2d at 1203–04.  It is well settled that under the GIAU, a written notice of claim must be filed with a Utah governmental entity prior to bringing suit against that entity.  *See* Utah Code § 63G-7-401(2); *Rushton*, 977 P.2d at 1203–04; *see also Jensen v. Reeves*, 45 F. Supp. 2d 1265, 1278 (D. Utah 1999), *aff'd*, 3 Fed. Appx. 905 (10th Cir. 2001) (unpublished).  "Failure to file such notice deprives the court of subject matter jurisdiction."  *Rushton*, 977 P.2d at 1203.  The Utah Supreme Court has "consistently required strict compliance with the requirements of the [GIAU].  Actual notice does not cure a party's failure to meet these requirements."  *Id*.

Plaintiff does not argue that he filed the required notice of claim.  Instead, he asserts that the subject matter of his complaint has been "repeatedly reported to the appropriate authorities," including "the Attorney General's office and Courts."[7]  Plaintiff believes that those reports

---

[7] Docket no. 26 at 8.

"qualify[] as a notice of claim."[8]  That argument is without merit.  Plaintiff's failure to file the written notice of claim required by the GIAU deprives the court of subject matter jurisdiction over any state law claims in his complaint.  *See Rushton*, 977 P.2d at 1203–04; *see also Jensen*, 45 F. Supp. 2d at 1278.  Accordingly, those claims should be dismissed.

### C.  Eleventh Amendment Immunity

In his final argument with respect to subject matter jurisdiction, Defendant argues that the court lacks subject matter jurisdiction over any claims against Defendant in his official capacity because they are barred by the Eleventh Amendment.  *See Robinson*, 295 F.3d at 1188.  In response, Plaintiff argues that the Eleventh Amendment "does not permit personnel working under color of State [sic] to commit crimes with impunity."[9]  Plaintiff misunderstands the purpose of the Eleventh Amendment.

"With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court.  To assert Eleventh Amendment immunity, a defendant must qualify as a state or an 'arm' of a state." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citations omitted).  When claims are asserted against a state official in his or her "'official capacity,' [the state official] may also assert Eleventh Amendment immunity as an 'arm' of the state." *Id*. (citation omitted).  The Tenth Circuit has "recognized two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity.  Congress

---

[8]  *Id*.

[9]  *Id*. at 12 (emphasis omitted).

may abrogate a state's Eleventh Amendment immunity.  A state may also waive its Eleventh Amendment immunity and consent to be sued."  *Id*. at 1181 (citations omitted).

Neither exception applies in this case.  Congress did not abrogate the states' Eleventh Amendment immunity when it enacted §§ 1983 and 1985.  *See, e.g.*, *Quern v. Jordan*, 440 U.S. 332, 345 (1979); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998).  In addition, there is no indication that Utah, the OME, or Defendant waived Eleventh Amendment immunity in this case.  *See* Utah Code § 63G-7-501(1) (providing that Utah state district courts have exclusive, original jurisdiction over any actions brought under the GIAU); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999) ("We have previously held that Utah has not waived its Eleventh Amendment immunity by statute.").

For these reasons, the court concludes that Defendant has properly asserted Eleventh Amendment immunity for any claims against him in his official capacity.  Accordingly, the court lacks subject matter jurisdiction over those claims, and they should be dismissed.

## II.  Rule 12(b)(6) Arguments

Pursuant to rule 12(b)(6), Defendant presents the following arguments that Plaintiff's complaint, either in whole or in part, fails to state claims on which relief can be granted: (A) Plaintiff's claims are barred by the applicable statute of limitations, (B) Defendant cannot be held liable under the theory of respondeat superior for any constitutional violations allegedly committed by Frikke, and (C) Plaintiff's § 1985 claims fail as a matter of law.

11

## A.  Statute of Limitations

Defendant argues that all of the claims in Plaintiff's complaint are barred by the applicable statute of limitations.  In response, Plaintiff argues that "[t]he statute of limitations is not at issue" because the subject matter of his complaint was "repeatedly reported to the appropriate authorities well within the statute of limitations."[10]

The applicable statute of limitations for Plaintiff's claims under §§ 1983 and 1985 is Utah's four-year residual statute of limitations contained in Utah Code § 78B-2-307(3).  *See* Utah Code § 78B-2-307 Amendment Notes (stating that "[t]he 2008 amendment . . . renumbered this section, which formerly appeared as § 78-12-25"); *Sheets v. Salt Lake County*, 45 F.3d 1383, 1387 (10th Cir. 1995) (holding that Utah's four-year residual statute of limitations under former § 78-12-25(3) applies to § 1983 actions); *Larson v. Snow College*, 115 F. Supp. 2d 1296, 1307 (D. Utah 2000) (holding that Utah's four-year residual statue of limitations for personal injury actions under former § 78-12-25(3) was applicable to § 1983 and other federal claims); *see also Buck v. Utah Labor Comm'n*, 73 Fed. Appx. 345, 348 (10th Cir. 2003) (unpublished) ("The district court correctly determined that Utah's four-year statute of limitations for general personal injury actions applies to plaintiff's § 1983 and § 1985 claims.").  As a general rule under both Utah and federal law, a plaintiff's cause of action accrues and the applicable statute of limitations begins to run when the plaintiff has actual or constructive knowledge of the facts forming the basis for the cause of action.  *See Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004)

---

[10]  *Id*. at 8.

("[F]ederal law controls issues related to when federal causes of action accrue.  In general, under the federal discovery rule, claims accrue and the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.  In particular, [a] civil rights action accrues when facts that would support a cause of action are or should be apparent." (second alteration in original) (quotations and citations omitted)); *In re Hoopiiaina Trust*, 144 P.3d 1129, 1140 (Utah 2006) (stating that "a statute of limitations generally begins running when a plaintiff has a completed cause of action" and that even if the discovery rule operates to toll a statute of limitations, it does so only "until the time at which a party discovered or reasonably should have discovered facts forming the basis for the cause of action" (quotations and citation omitted)).

Plaintiff apparently believes that the statute of limitations does not bar his complaint because his claims have been "repeatedly reported to the appropriate authorities well within the statute of limitations."[11]  In support of that belief, Plaintiff asserts that he has reported his claims to those authorities for at least the last eight years.[12]

Plaintiff's position is without merit.  In order to avoid having the statute of limitations bar his claims in this case, Plaintiff was required to do more than merely report them to the appropriate authorities within the limitations period.  Plaintiff was required to assert his claims in a lawsuit prior to the expiration of the limitations period.  *See* Utah Code § 78B-2-102 ("Civil

_____

[11]  *Id.*

[12]  *See id.*

13

actions may be commenced only within the periods prescribed in this chapter, after the cause of action has accrued . . . .").  Further, by asserting that he has reported the claims contained in his complaint to certain authorities for the past eight years, Plaintiff has essentially admitted that he had knowledge of those claims at least that long ago.  Since Plaintiff's claims accrued and the applicable statute of limitations began to run on the date that Plaintiff had knowledge of his claims, *see Alexander*, 382 F.3d at 1215; *In re Hoopiiaina Trust*, 144 P.3d at 1140, the four-year limitations period for the claims contained in Plaintiff's complaint expired approximately four years ago.  *See* Utah Code § 78B-2-307(3).  Accordingly, all of Plaintiff's claims in this case are barred by the applicable statute of limitations, *see id*., and his complaint should be dismissed.

## B.  Respondeat Superior

Defendant also argues that he cannot be held liable under the theory of respondeat superior for any constitutional violations allegedly committed by Frikke.  In response, Plaintiff asserts that Defendant "is responsible" for the "crimes committed against [Plaintiff] and [Plaintiff's] two daughters" because Defendant is the "head of the [OME]."[13]

As previously noted, the allegations of Plaintiff's complaint relate to the testimony of Frikke, a medical examiner for the OME, during the state court criminal trials of Bluff and Fedorowicz.  Rather than suing Frikke, however, Plaintiff's complaint names only Defendant,

---

[13]  *Id*. at 10.

14

who is the Chief Medical Examiner of the OME, because Defendant "was directly responsible for the [OME] and for his employee . . . Frikke."[14]

In order for Defendant to be liable for any constitutional violations allegedly committed by Frikke, Plaintiff "must demonstrate an affirmative link between the supervisor's conduct and the constitutional deprivation; liability based upon respondeat superior will not do." *Snell v. Tunnell*, 920 F.2d 673, 700 (10th Cir. 1990). Plaintiff "must show that a supervisory defendant, expressly or otherwise, authorized, supervised, or participated in conduct which caused the constitutional deprivation." *Id.* Put another way, supervisor liability for constitutional violations "requires allegations of personal direction or of actual knowledge and acquiescence." *Woodward v. Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992) (quotations and citation omitted).

Plaintiff has failed to make any allegations establishing an "affirmative link" between Defendant's conduct and Frikke's alleged constitutional violations. *Snell*, 920 F.2d at 700. Instead, in both his complaint and his response to Defendant's motion to dismiss, Plaintiff asserts that Defendant should be held liable for Frikke's alleged constitutional violations based strictly on his position as Chief Medical Examiner of the OME. Under well-settled Tenth Circuit law, that assertion is insufficient to establish Defendant's liability as a supervisor for any constitutional violations allegedly committed by Frikke. *See Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) ("[T]here is no concept of strict supervisor liability under section 1983."

---

[14]  Docket no. 1. at 1–2.

15

(quotations and citations omitted)); *see also, e.g.*, *Woodward*, 977 F.2d at 1399–1400; *Snell*, 920 F.2d at 700.  Accordingly, Plaintiff's complaint should be dismissed.

## C.  § 1985 Claims

Finally, Defendant argues that Plaintiff's § 1985 claims should be dismissed because Plaintiff has failed to assert that the alleged conspiracy was motivated by a class-based, discriminatory animus.  *See, e.g.*, *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994); *Dixon v. Lawton*, 898 F.2d 1443, 1447 (10th Cir. 1990).  In his response, Plaintiff does not address Defendant's specific argument.  Instead, he simply reiterates his belief that all of the expert witnesses involved in Bluff's and Fedorowicz's trials "were involved in a <u>secret</u> meeting . . . in the District Attorney's office," which "demonstrates collusion between the [OME] and the District Attorney's office."[15]

"A violation of section 1985 must include class-based or racially discriminatory animus. In the absence of allegations of class[-]based or racial discriminatory animus, the complaint fails to state a claim under [section] 1985."  *Bisbee*, 39 F.3d at 1102 (quotations and citations omitted); *see also Griffin*, 403 U.S. at 102; *Dixon*, 898 F.2d at 1447.

Neither Plaintiff's complaint nor his response to Defendant's motion to dismiss makes any allegations indicating that the alleged conspiracy was driven or motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  *Griffin*, 403 U.S. at 102. Accordingly, Plaintiff's claims under § 1985 should be dismissed.

---

[15] *Id*. at 7.

16

## CONCLUSION AND RECOMMENDATION

In summary, for the following alternative reasons **IT IS HEREBY RECOMMENDED** that Defendant's motion to dismiss[16] be **GRANTED** and that Plaintiff's complaint be **DISMISSED** in its entirety:

1. Plaintiff has failed to establish that he has standing to pursue his claims; accordingly, the court lacks subject matter jurisdiction over his entire complaint.

2. Plaintiff failed to file the written notice of claim required by the GIAU, thereby depriving the court of subject matter jurisdiction over his state law claims.

3. Defendant has properly asserted Eleventh Amendment immunity for any claims against him in his official capacity; consequently, the court lacks subject matter jurisdiction over those claims.

4. All of Plaintiff's claims in this case are barred by the applicable statute of limitations.

5. Plaintiff has failed to establish that Defendant should be held liable as a supervisor for any constitutional violations allegedly committed by Frikke.

6. Plaintiff has failed to make the required allegation in support of his § 1985 claims that the alleged conspiracy was driven or motivated by a racial or other class-based discriminatory animus.

---

[16] *See* docket no. 13.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1)(C).  The parties must file any objection to this Report and Recommendation within ten (10) days after receiving it.  *See id*. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 20th day of November, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge