IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TODD WALLACE,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>TODD GREY,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE<br><br><br><br><br><br>Case No. 2:08-CV-311 TS |

This matter is before the Court on Plaintiff Todd Wallace's Objection to Report and Recommendations, filed December 22, 2008.[1] Plaintiff filed his Complaint on April 24, 2008.[2] A Motion to Dismiss was filed by Defendant Todd Grey on May 28, 2008,[3] and Magistrate Judge Warner issued his Report and Recommendations on November 20, 2008.[4] Plaintiff filed his Objection to Report and Recommendation on December 22, 2008,[5] and Defendant filed his Response

---

[1]Docket No. 32.

[2]Docket No. 1.

[3]Docket No. 13.

[4]Docket No. 28.

[5]Docket No. 32.

1

on January 27, 2009.[6]  This matter is now ready for decision by the Court.  Having determined that oral argument would not materially assist in the determination of this matter, the Court will decide the issues herein without oral argument.

In the Report and Recommendations, Judge Warner recommended dismissal of all charges pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because: (1) Plaintiff does not have standing; (2) Plaintiff's state law claims are barred because Plaintiff failed to file a notice of claim as required by the Governmental Immunity Act of Utah ("GIAU");[7] and (3) claims against Defendant in his official capacity are barred by the Eleventh Amendment.  Judge Warner also recommended that all claims be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim because: (1) Plaintiff's claims are barred by the statute of limitations; (2) Defendant cannot be held liable under respondeat superior for constitutional violations allegedly committed by underlings; and (3) Plaintiff's § 1985 claims fail as a matter of law.

In his Objection to Report and Recommendations, Plaintiff repeatedly argues that the evidence he has provided to the Court supports his claims that his daughters' mother has been unlawfully imprisoned by the State of Utah.  Plaintiff fails, however, to adequately address the procedural defects in the claims he presents before the Court.  For that reason and the reasons described below, the Court will adopt the Report and Recommendation and dismiss the case.

I.  STANDARD OF REVIEW

The case was referred to Magistrate Judge Warner pursuant to 28 U.S.C. § 636(b)(1)(B).  When an objection is made to a magistrate judge's order on a dispositive pretrial motion, the Court

---

[6] Docket No. 40.

[7] Utah Code Ann. § 63G-7-401.

reviews the order de novo.[8] Because Plaintiff is proceeding pro se, the Court will construe his pleadings liberally.[9] However, the Court need not, and will not, function in the role of advocate for Plaintiff,[10] and Plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based."[11]

## II.  FACTUAL BACKGROUND

Plaintiff brings this case in the wake of the conviction of Ms. Ferosa Bluff for the abuse and murder of her three-year-old child, R.B. Bluff.  Plaintiff and Ms. Bluff are the parents of R.B. and one other daughter, S.B.  On October 21, 1998, shortly after Ms. Bluff had moved to Utah with her two daughters, R.B. died at the residence where Ms. Bluff was living with two other adults and her children.  An autopsy of R.B. revealed extensive injuries and Ms. Bluff and the other two adults were arrested.  After a criminal trial, Ms. Bluff was convicted of first degree felony murder, second degree felony child abuse, and second degree felony sexual abuse of a child.  Ms Bluff appealed her conviction to the Utah Supreme Court, but her appeal was denied.[12]  She also sought habeas relief in this Court which was denied.  She is currently serving her sentence for those crimes.

In his complaint, Plaintiff alleges that Maureen Frikke, a medical examiner for the Office of the Medical Examiner for the State of Utah ("OME"), offered false testimony during Ms. Bluff's trial in order to obtain a conviction and that there was a conspiracy by Ms. Frikke and other OME

---

[8]28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3); *Phillips b. Beierwaltes* 466 F.3d 1217

[9]*Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[10]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11]*Id.*

[12]*See State v. Bluff*, 52 P.3d 1210 (Utah 2002).

employees to deprive Ms. Bluff of her liberty. Defendant is the Chief Medical Examiner for the OME and Plaintiff argues that Defendant is responsible for the actions of his subordinates. Plaintiff alleges that the allegedly unlawful acts of Defendant's subordinates have injured him because he is "offended"[13] that S.B. has been denied a mother and he has been deprived of maternal support in raising S.B. Defendant also argues that he has suffered "pain in the lack of closure regarding the passing of [his] daughter . . . and pain in striving to comfort [his] daughter for [the time] she has been illegally deprived of her mother."[14]

### III.  DISCUSSION

A.  SUBJECT MATTER JURISDICTION

   1.  *Lack of Standing*

In his Motion to Dismiss, Defendant argues that the Court lacks subject matter jurisdiction over the case because Plaintiff lacks standing to bring the claims.[15] Plaintiff bears the burden of establishing standing[16] and cannot rest his claim to relief on the interest of any third party.[17] In order to establish standing, Plaintiff must establish three elements: (1) an invasion of a legally protected interest which is both concrete and particularized, and actual and imminent; (2) a causal connection

---

[13] Docket No. 32 at 32.

[14] *Id.*

[15] *See Colo. Env. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) ("[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.").

[16] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

[17] *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

between the injury complained of; and (3) that it is likely that the injury will be redressed by a favorable decision.[18]

The Report and Recommendation concluded that Plaintiff did not have standing because he cannot pursue claims on behalf of his daughter or Ms. Bluff without retaining an attorney,[19] and because it was improper for Plaintiff to base his claims on the alleged violations of the constitutional rights of others, namely Ms. Bluff and Plaintiff's daughters.[20] In his Objection, Plaintiff does not challenge these legal conclusions, but rather argues that he is pursuing claims arising from injuries to himself. Specifically, Plaintiff claims that he is seeking relief for the offense, pain, and guilt he feels that S.B. has been deprived of her mother and that R.B. was allegedly used as a tool in their conspiracy to deprive Ms. Bluff of her liberty. Plaintiff states in his Objection:

> What father would not be injured if his children were used to manipulate the Court systems of the United States in order to injure others? What father would not be injured at watching his daughter cry and suffer emotional injuries for ten long years regardless of every effort to comfort and allay her pains?[21]

Assuming *arguendo* that Plaintiff accurately represents the emotional suffering of his daughter, and his inability to "comfort" her, he still has not articulated an invasion of a *legally protected* interest. Therefore, whether Plaintiff seeks relief based on the injuries of others or his own

---

[18]*Lujan*, 504 U.S. at 560-61.

[19]*Meeker v. Kercher*, 782 F.2d 153,154 (10th Cir. 1986) ("We hold that under [Rule 17(c) of the Federal Rules of Civil Procedure] and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.").

[20]*Barrows v. Jackson*, 346 U.S. 249, 255 (1986) ("Ordinarily, one may not claim standing . . . to vindicate the constitutional rights of some third party.").

[21]Docket No. 32 at 33.

alleged injuries, Plaintiff has failed to establish that he has standing to bring the claims asserted in his Complaint.

### 2.  *Eleventh Amendment*

Plaintiff brings this suit against Defendant in his official capacity as Chief Medical Examiner for the OME. Defendant argued in his Motion to Dismiss that any such claims are barred by the Eleventh Amendment to the United States Constitution.[22] "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court. To assert Eleventh Amendment Immunity, a defendant must qualify as a state or an 'arm' of a state."[23] The Court finds that Defendant, in his official capacity as Chief Medical Examiner for the OME, qualifies as an arm of the State of Utah and that Eleventh Amendment immunity applies.

Eleventh Amendment immunity is not absolute, however, and may be waived by the state or abrogated by Congress.[24] Any abrogation by Congress, however, must be unequivocally expressed.[25] The Tenth Circuit has stated that Congress did not abrogate the states' Eleventh Amendment immunity when it enacted §§ 1983 and 1985.[26] Likewise, the Tenth Circuit has stated

---

[22]*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office.").

[23]*Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

[24]*Id.* at 1181.

[25]*Green v. Mansour*, 474 U.S. 64, 68 (1985).

[26]*Ellis v. Univ. of Kan Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998). *See also Quern v. Jordan*, 440 U.S. 332, 345 (1979).

that Utah has not waived its Eleventh Amendment immunity by statute.[27] Plaintiff argues, however, that the GIAU is a waiver of Eleventh Amendment immunity. However, the GIAU clearly states that Utah courts have exclusive jurisdiction over all claims brought under GIAU, and it is well established that a state's consent to be sued in its own courts does not serve as a waiver of its Eleventh Amendment immunity.[28] There is no indication that Utah, the OME, or Defendant waived Eleventh Amendment immunity in this case, and the Court therefore has no jurisdiction to hear Plaintiff's claims against Defendant in his official capacity.

    3.    *Compliance with the Governmental Immunity Act of Utah*

As noted, Plaintiff argues that the GIAU disqualifies Defendant from immunity because of the nature of the actions allegedly taken by Defendant's subordinates. The Court has already determined that there is no waiver of Eleventh Amendment immunity in this case, so Plaintiff's official capacity claims are improper. However, even if the GIAU were a proper waiver of Eleventh Amendment immunity, Plaintiff failed to comply with the requirements of the GIAU. Specifically, the GIAU expressly requires that a written notice of claim be filed with the state entity against whom relief is sought, "before maintaining an action."[29] Failure to comply with the requirements of GIAU

---

[27]*Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999).

[28]*Richins v. Industrial Const., Inc.*, 502 F.2d 1051, 1055 (10th Cir. 1974). *See also Kennecott Copper Corp. v. State Tax Comm.*, 327 U.S. 573 (1946); *Ford Motor Co. v. Dept. of Treasury of Ind.*, 323 U.S. 459 (1945); *Great Northern Life Ins. Co. v. Read*, 322 U.S. 47 (1944).

[29]Utah Code Ann. § 63G-7-401(2).

deprives this Court of subject matter jurisdiction.[30] Plaintiff failed to file the required written notice[31] and is therefore prohibited from bringing a claim under GIAU.

B.   FAILURE TO STATE A CLAIM

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the non-moving party.[32] Plaintiffs must provide "enough facts to state a claim to relief that is plausible on its face."[33] All well-pleaded factual allegations in the Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[34] But, the court "need not accept conclusory allegations without supporting factual averments."[35] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[36] Thus, "the complaint must give the court reason to believe that this plaintiff has reasonable likelihood of mustering factual support for these claims."[37]

---

[30]*Rushton v. Salt Lake County*, 977 P.2d 1201, 1203 (Utah 1999).

[31]Docket No. 14, Ex. B at 2.

[32]*Ruiz*, 299 F.3d at 1181.

[33]*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where plaintiffs "have not nudged their claims across the line from conceivable to plausible").

[34]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[35]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[36]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[37]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

1.  *Statute of Limitations*

Defendant argues, in his Motion to Dismiss, that Plaintiff's claims are barred by the applicable statute of limitations. The Tenth Circuit has held that the applicable statute of limitations for § 1983 claims is the four-year residual statute of limitations contained in Utah Code § 78B-2-307(3).[38] In response, Plaintiff argues that the four-year Utah statute of limitations is "inconsistent with the federal policies behind 42 U.S.C. § 1983."[39] Alternatively, Plaintiff argues that he did not receive documentation which supported his claims until May 28, 2008, and that the statute of limitations has not yet run.

Plaintiff cites *Felder v. Casey*[40] for the proposition that "[a] state law that conditions the right of recovery upon compliance with a rule designed to minimize governmental liability . . . is inconsistent in both purpose and effect with the remedial objectives of the federal civil rights law."[41] The doctrine is sound, but wholly inapplicable in this case. In *Felder*, the Supreme Court struck down a state law that imposed additional state procedural requirements before an individual could pursue a federal § 1983 claim. The Utah statute of limitations adds no additional procedural requirements, but merely requires that an individual who wishes to bring a claim do so in a timely manner. The Court will follow established Tenth Circuit precedent and apply the four-year statute of limitations in this case.

---

[38] *Sheets v. Salt Lake County*, 45 F.3d 1383, 1387 (10th Cir. 1995).

[39] Docket No. 32 at 28.

[40] 487 U.S. 131 (1988).

[41] *Id.* at 153.

Applying the proper statute of limitations, it is clear that Plaintiff's claims are barred. Plaintiff states in his Memorandum in Opposition to Motion to Dismiss that the crimes he alleges "have been repeatedly reported to his office (the Attorney General's Office) over the past 8 years."[42] Plaintiff has therefore admitted that he knew of the alleged injury for eight years. Even assuming that Plaintiff's cause of injury was complete only when Ms. Bluff's appeals were exhausted on January 23, 2003, the statute of limitations would have expired over a year prior to the date when Plaintiff filed his Complaint. Plaintiff now claims that he received further information which allegedly proves his claims of perjury in 2008. However, the statute of limitations began to run when Plaintiff knew or had reason to know "of the existence and cause of the injury which is the basis of his action,"[43] not from the time the latest bit of evidence was received.

Plaintiff cites to *Becton Dickinson & Co. v. Reese*[44] for the proposition that "a cause of action accrues upon the beginning of the last event necessary to complete the cause of action."[45] However, the activity which Plaintiff cites as ongoing is the continued incarceration of Ms. Bluff for the sexual abuse and murder of Plaintiff's daughter, R.B. As noted, Plaintiff cannot base his claims on the injuries of others, so the continued incarceration of Ms. Bluff cannot be the source of a continuing wrong to Plaintiff. Assuming *arguendo* that Plaintiff had a valid cause of action, the last event necessary to complete that cause of action occurred, at the very latest, in 2003.

---

[42]Docket No. 26 at 8.

[43]*Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004).

[44]668 P.2d 1254 (Utah 1983).

[45]*Id.* at 1257.

Plaintiff failed to file a lawsuit prior to the expiration of the four-year statute of limitations, and his claims are now barred.

2.   *Respondeat Superior Claims*

Plaintiff claims that Defendant is liable under § 1983 because he is ultimately responsible for the actions of his subordinates.  Plaintiff essentially asserts his claims under the theory of *respondeat superior*, but such claims are inappropriate to a § 1983 action.[46]  Plaintiff must offer sufficient factual allegations to support a claim that Defendant, individually, took some action that intentionally or deliberately violated Plaintiff's rights.[47]  Plaintiff alleges only that Defendant is liable because he is the Chief Medical Examiner and therefore has authority to conduct or authorize the activities taken by those at OME relative to the death of R.B.,[48] or that Defendant is liable because it is within his power to either disprove Plaintiff's allegations or distance the OME from the alleged perjury.[49]  None of these allegations constitutes an action by Defendant that intentionally or deliberately violated Plaintiff's rights.  Plaintiff's claims can therefore only be seen as a claim under *respondeat superior*, and must be dismissed.

3.   *§ 1985 Claims*

Plaintiff failed to respond to the Report and Recommendations as it pertained to Plaintiff's claims under § 1985.  Plaintiff has therefore waived his right to object and the Report and Recommendations will be adopted as to the § 1985 claims.

---

[46] *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996); *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997).

[47] *Jenkins*, 81 F.3d at 995.

[48] Docket No. 32 at 37-39.

[49] *Id.* at 41.

11

## IV.  CONCLUSION

The Court finds that Plaintiff has failed to establish that the Court has subject matter jurisdiction over the Claims alleged in the Complaint.  The Court also finds that Plaintiff has failed to state a claim upon which relief may be granted.  It is therefore

ORDERED that the Report and Recommendations (Docket No. 28) is ADOPTED.  It is further

ORDERED that Defendant's Motion to Dismiss (Docket No. 13) is GRANTED and Plaintiff's claims are dismissed with prejudice.  The Clerk is directed to close the case.

DATED   February 2, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge